C/M

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                :
REGINA LEWIS,                       :
                                :
               Petitioner,     :     **DECISION & ORDER**
                                :
        - against -        :     14 Civ. 6249 (BMC)
                                :
K. ASK-CARLSON (WARDEN), MDC   :
BROOKLYN,                   :
                                :
             Respondent.    :
                                :
--------------------------------------------------------X

COGAN, United States District Judge:

      Before me is a petition for *habeas corpus* pursuant to 28 U.S.C. § 2241, filed *pro se*

during the pendency of petitioner's criminal prosecution in this Court for threatening a United

States Judge.  See United States v. Lewis, No. 12-CR-655 (BMC).  The petition challenged her

pretrial detention and sought her release.  By order dated September 9, 2014, the Court granted

petitioner's request to proceed *in forma pauperis*.  On October 27, 2014, petitioner was

convicted of violating 18 U.S.C. § 115(a)(1)(B).  She currently is incarcerating pending

sentencing, which has been set for January 28, 2015.

      At the time she filed this proceeding, it was premature.  "Where a defendant is awaiting

trial, the appropriate vehicle for violations of h[er] constitutional rights are pretrial motions or

the expedited appeal procedure provided by the Bail Reform Act, . . . and not a habeas corpus

petition."  Ali v. United States, No. 12-CV-0816, 2012 WL 4103867, at *1 (W.D.N.Y. Sept. 14,

2012) (quoting Whitmer v. Levi, 276 F. App'x 217, 219 (3d Cir. April 28, 2008)) (internal

quotation marks omitted).  Here, as in <u>Ali</u>, "[a]dequate remedies [we]re available in petitioner's criminal case, and, therefore, petitioner [wa]s not entitled to habeas corpus relief."[1]

In any event, as a result of her conviction, petitioner's request for release from pre-trial detention is moot.  <u>See</u> <u>Reed v. Caulfield</u>, 734 F. Supp. 2d 23, 24 (D. D.C. 2010) (citing <u>Thorne v. Warden</u>, 479 F.2d 297 (2d Cir.1973)).

The Clerk of Court is directed to enter judgment dismissing the petition.  The Court certifies under 28 U.S.C. § 1915(a)(3)  that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).


**SO ORDERED.**


_____
U.S.D.J.

Dated: Brooklyn, New York
      October 28, 2014

---

[1] In fact, petitioner brought an effectively identical challenge in the form of a motion to dismiss her indictment and for release, which the Court (Hellerstein, J.) denied on March 20, 2014, finding the duration of petitioner's confinement legal and constitutional.